**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Natalie Barbich, Bruce Lindvall, and Timothy Peterson, individually and as the representatives of a class of similarly situated persons, and on behalf of the Northwestern University Employee Welfare Plan,<br><br>        Plaintiffs,<br><br>v.<br><br>Northwestern University,<br><br>        Defendant. | Case No. 1:25-cv-06849<br><br>Hon. Jeremy C. Daniel<br><br><br>**PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |

Plaintiffs Natalie Barbich, Bruce Lindvall, and Timothy Peterson, individually and as the representatives of a class of similarly situated persons, and on behalf of the Northwestern University Employee Welfare Plan ("Plaintiffs"), by and through their undersigned counsel, respectfully move the Court for an Order allowing Plaintiffs to file a surreply in opposition to Defendant's Motion to Dismiss. This motion is based upon the arguments and authorities presented below, upon all files, records, and proceedings in this action, and upon such other information or evidence that may be required by the Court.

## ARGUMENT

Plaintiffs move for leave to file a surreply addressing new arguments and new evidence included in Northwestern's Reply in Support of its Motion to Dismiss the Amended Complaint. *See* ECF No. 54 ("*Def's Reply*"). Specifically, Plaintiffs seek to address Northwestern's new argument that Plaintiffs' § 502(a)(3) claims are not redressable, *see Def's Reply* at 1, 5-6, and the seven new exhibits that Northwestern bases its faulty arguments on, *see id.* at 1, 10-11. Plaintiffs'

1

proposed surreply, attached as Exhibit 1, is narrowly tailored to address only the new arguments and evidence.

"'The decision whether to grant a motion for leave to file a sur-reply is within the Court's discretion.'" *Sequoia Fin. Sols., Inc. v. Illinois Dep't of Revenue*, 2016 WL 11661410, at *1 (N.D. Ill. Nov. 2, 2016) (quoting *Univ. Healthsystem Consortium v. UnitedHealth Grp., Inc.*, 68 F. Supp 3d 917, 922 (N.D. Ill. 2014)). "In some instances, allowing the filing of a surreply 'vouchsafes the aggrieved party's right to be heard and provides the court with the information necessary to make an informed decision.'" *Univ. Healthsystem*, 68 F. Supp. 3d at 922 (quoting *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 329 (N.D. Ill. 2005)). One of those instances is "'when a moving party 'sandbags' an adversary by raising new arguments in a reply brief.'" *Id*. at 922 (quoting *Franek v. Walmart Stores, Inc.*, 2009 WL 674269, at *19 n.14 (N.D. Ill. Mar. 13, 2009)). That is exactly what has happened here.

First, Northwestern claims that "Plaintiffs do not respond to Northwestern's redressability argument." *Def's Reply* at 5. That is because Northwestern made no such argument. Their redressability "argument" is addressed only in one footnote on page 26 of their opening brief. *See* ECF No. 48-1 at 26 n. 14. Redressability is not discussed in the body of the opening brief, which explicitly frames Northwestern's standing argument as a challenge to injury in fact only. *See id*. at 9-14 (failing to discuss redressability in the section entitled "Plaintiffs Lack Article III Standing").

Moreover, that undeveloped "argument" was applied only to Plaintiffs' § 502(a)(2) claims, not Plaintiffs' § 502(a)(3) claims. *See* ECF No. 48-1 at 26 n. 14. Yet, Northwestern now applies this "argument" to the latter. This cannot stand. Fundamental fairness requires that Plaintiffs be given a chance to respond. And if the Court is not inclined to review additional briefing, it would be justified in finding that Northwestern has waived its redressability argument by "'presenting it

2

only in an underdeveloped footnote'" in its opening brief. *In re MultiPlan Health Ins. Provider Litig.*, 789 F. Supp. 3d 614, 636 (N.D. Ill. 2025) (quoting *Harmon v. Gordon*, 712 F.3d 1044, 1054 (7th Cir. 2013)); *see also Hernandez v. Cook Cnty. Sheriff's Off.*, 634 F.3d 906, 913 (7th Cir. 2011) (quoting *Bakalis v. Golembeski*, 35 F.3d 318, 326 n. 8 (7th Cir. 1994) (finding an argument waived when "it was 'made only in a footnote in the opening brief and was not developed fully until the reply brief'").

Second, after filing only excerpts of documents along with its opening brief, Northwestern now files complete versions in the form of seven new exhibits.[1] Northwestern's reply brief bases one of its primary arguments on language included in these new documents. *See Defs' Reply* at 1, 10-11 (relying on language from exhibits filed only on reply). This language *still* does not say what Northwestern claims it does, and Plaintiffs deserve a chance to respond.

In sum, Northwestern's sandbagging should be seen for what it is: an admission that it has lost on the merits. Plaintiffs deserve a chance to explain that in further detail.

---

[1] This is confusing because Northwestern's "Exhibit 8" is actually the seventh exhibit. Northwestern appears to have skipped a number.

Dated: February 13, 2026

**NICHOLS KASTER, PLLP**

s/Brock J. Specht
Brock J. Specht (admitted *pro hac vice*)
Benjamin Bauer (admitted *pro hac vice*)
80 S. 8th Street, Suite 4700
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 338-4878
bspecht@nka.com
bbauer@nka.com

**THE PRINZ LAW FIRM, P.C.**

Amit Bindra, (IL 6308593)
1 East Upper Wacker Drive, Suite 2500
Chicago, IL 60601
Telephone: (312) 212-4450
Facsimile: (312) 284-4822
abindra@prinz-lawfirm.com

**DON BIVENS, PLLC**

Don Bivens (*pro hac vice forthcoming*)
15169 N. Scottsdale Road, Suite 205
Scottsdale, AZ 85254
Telephone: (602) 762-2661

**ATTORNEYS FOR PLAINTIFFS**

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 13, 2026, I caused a copy of the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

Dated: February 13, 2026         <u>s/Brock J. Specht</u>
               Brock J. Specht