**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| NATALIE BARBICH, BRUCE LINDVALL, and TIMOTHY PETERSON, individually and as the representatives of a class of similarly situated persons, and on behalf of the NORTHWESTERN UNIVERSITY EMPLOYEE WELFARE PLAN, | Case No. 25-cv-6849 <br><br> Hon. Jeremy C. Daniel |
| Plaintiffs, | |
| v. | |
| NORTHWESTERN UNIVERSITY, | |
| Defendant. | |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE
SURREPLY IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Northwestern University's ("Northwestern's") Article III standing arguments—including its argument that Plaintiffs' alleged injury is not redressable—were squarely raised in its Memorandum of Law in Support of Motion to Dismiss Amended Complaint (Dkt. No. 48-1) ("Motion to Dismiss") and accompanying Reply in Support of Motion to Dismiss Amended Complaint (Dkt. No. 54) ("Reply"). Plaintiffs' Motion for Leave to File Surreply (Dkt. No. 55) ("Motion for Leave") and proposed Surreply (Dkt. No. 55-1) now seek to address the Article III issues which Plaintiffs failed to address in their Opposition to Defendant's Motion to Dismiss Amended Complaint (Dkt. No. 53) ("Opposition"), as explained in Northwestern's Reply. It is well-settled, however, that Plaintiffs cannot utilize a surreply to litigate issues that they failed to contest in their Opposition.

Northwestern's Article III argument was articulated in its Motion to Dismiss and was supported by Plan documents referenced in Plaintiffs' Amended Complaint, which Northwestern attached (as excerpts, in the interests of brevity) to its opening brief. In their Motion for Leave, Plaintiffs complain that Northwestern's Reply improperly incorporated **complete** versions of the (lengthy) Plan documents at issue. Plaintiffs ignore, however, that they themselves said that only complete versions of the Plan documents at issue could suffice, and expressly encouraged Northwestern to file complete Plan documents—which Northwestern did. *See* Opp. at 16 n.13 ("The Court should not rely on incomplete versions of the Plan Document or Plan summaries. 'If [Northwestern] wanted the [court] to rely on the contents of its employee-benefit plans, it should have provided a full set of authentic plan documents for the relevant period.'" (alteration in original) (quoting *Moyer v. Geico*, 114 F.4th 563, 568–69 (6th Cir. 2024))). Notably, Plaintiffs do not dispute the authenticity of any Plan document, nor do they dispute that these documents are referred to in the Amended Complaint and are central to their claims. *See* Reply at 1 n.3.

1

Plaintiffs' Motion for Leave is without merit and should be denied. Alternatively, the Court may afford Plaintiffs the opportunity to argue their proposed Surreply points at a hearing on Northwestern's Motion to Dismiss, should the Court invite such a hearing.

## LEGAL STANDARD

It is well-established in this District that "[c]ourts generally disfavor sur-replies." *Belcastro v. United Airlines, Inc.*, No. 17-cv-1682, 2019 WL 1651709, at *14 (N.D. Ill. Apr. 17, 2019) (quoting *Saunders v. Select Portfolio Servicing, Inc.*, No. 18-cv-572, 2019 WL 979609, at *1 (N.D. Ind. Feb. 27, 2019)). "The purpose of a sur-reply is ***not*** to give a party the final word but to protect 'the aggrieved party's right to be heard and provide[ ] the court with the information necessary to make an informed decision.'" *Id.* (emphasis added) (alteration in original) (quoting *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 329 (N.D. Ill. 2005)). Although courts "'have discretion to allow [sur-replies] to address new arguments or evidence raised in the reply brief,'" *id.* (quoting *Saunders*, 2019 WL 979609, at *1), "[w]here a movant's reply is consistent with the reasoning put forward in its initial brief, a surreply is unnecessary," *Alipourian-Frascogna v. Etihad Airways*, No. 21-cv-0001, 2023 WL 5934897, at *6 (N.D. Ill. Sept. 12, 2023).

## ARGUMENT

Plaintiffs claim that they should be granted leave to file a surreply to "address[] new arguments and new evidence" included in Northwestern's Reply. Mot. for Leave at 1. But Northwestern's Reply neither included new arguments nor evidence.

Northwestern's Article III redressability argument was well versed in its opening brief, as were all of the Plan documents about which Plaintiffs now complain. Additionally (and ironically), Plaintiffs' proposed Surreply improperly addresses matters outside of what Plaintiffs

2

claim are "new arguments and new evidence," thus warranting denial of Plaintiffs' Motion for Leave.

> **I.** **Plaintiffs' Motion for Leave Must Be Denied Because the Proposed Surreply Does Not Address New Arguments or New Evidence.**

***Plaintiffs admit (as they must) that Northwestern's opening brief expressly argued that Plaintiffs' ERISA section 502(a)(2) claims were not redressable under Article III.*** Mot. for Leave at 2–3; *see also* Mot. to Dismiss at 26 n.14. This admission should end the matter: Northwestern raised Article III redressability in its opening brief. Plaintiffs failed to respond to that argument in their Opposition, and likely only realized their failure to do so when Northwestern filed its Reply brief—which noted that "Plaintiffs do not respond to Northwestern's redressability argument." Reply at 5. It is well-settled that a party cannot file a surreply to address an argument that it failed to address in its Opposition. *See Belcastro*, 2019 WL 1651709, at \*14 ("A denial is in order 'when the movant has had the opportunity to thoroughly brief the issues.'" (quoting *In re Dairy Farmers of Am., Inc.*, 80 F.Supp.3d 838, 857 (N.D. Ill. 2015)).

To get around the fact that Northwestern raised Article III redressability in its opening brief, Plaintiffs complain that it did so via "one footnote on page 26 of their opening brief," which they claim is "undeveloped." Mot. for Leave at 2–3. ***It is transparent that Plaintiffs hope that the Court will not read the footnote at issue—nor the two appellate court decisions cited within that footnote to support the proposition argued***. In a complex litigation matter such as this, a lengthy footnote—with citations to two appellate court decisions—is hardly an "undeveloped" argument. Indeed, it is readily distinguishable from the cases cited by Plaintiffs:

- In *Harmon v. Gordon*, the Seventh Circuit noted that a one-sentence footnote which did not cite ***any*** relevant evidence or legal authority waived the argument. 712 F.3d 1044, 1053–54 (7th Cir. 2013). But that is not the case here, where Northwestern

expressly advised Plaintiffs of its Article III defenses—including redressability—in its opening brief, with citations to appellate court authority.

- Plaintiffs' citation to *In re MultiPlan Health Insurance Provider Litigation* is perplexing, given that the court there noted that the plaintiffs' failed to allege any *factual* allegations of anticompetitive behavior on the part of defendants and thus found the argument "implausible, if not waived" because it was presented in an undeveloped footnote. *See* 789 F. Supp. 3d 614, 636 (N.D. Ill. 2025) ("There are no factual allegations that suggest MultiPlan was planning, is planning, or even will be planning to compete in the market for out-of-network services. This argument is thus equally implausible, if not waived. *See Harmon*, 712 F.3d at 1053–54 ("[A] party can waive an argument by presenting it only in an undeveloped footnote.")). Plaintiffs' reliance on this case is misplaced.

- Plaintiffs' citation to *Hernandez v. Cook County Sheriff's Office* actually rebuts Plaintiffs' claim, given that it holds that "[w]hile arguments made for the first time in a reply brief are generally treated as waived, *it does not necessarily follow that arguments that are better developed in a reply brief are waived*." 634 F.3d 906, 913 (7th Cir. 2011) (emphasis added).

Although Northwestern has no doubt that it has properly argued the bases for the dismissal of Plaintiffs' ERISA section 502(a)(2) claims due to the lack of redressability of Plaintiffs' alleged injury, it is telling that cases cited by Plaintiffs confirm Northwestern's position.

Additionally, Northwestern's opening brief expressly cited the Plan provisions supporting its argument that Plaintiffs' ERISA section 502(a)(3) claims are not redressable—*i.e.*, the Plan provisions stating that Northwestern could increase employee contribution rates at any time—

4

when discussing Article III standing. *See* Mot. to Dismiss at 13. As argued in the Motion to Dismiss, the Plan does not guarantee that participants will be charged any specific amount for coverage; as a result, Plaintiffs have no injury-in-fact due to their payment of purportedly "excessive" premiums. *See id.* The logical extension of that argument is that Plaintiffs' supposed injury could not be redressed by a favorable judgment given that Northwestern could increase (or decrease) participant contributions at any time. *See id.* at 13–14. Accordingly, Plaintiffs had ample notice of Northwestern's argument after the opening brief, and could have addressed it in their opposition. But they chose not to do so. Plaintiffs' strategic decision to not address an argument is not a reason to grant a motion for leave to file a surreply. *See Belcastro*, 2019 WL 1651709, at *14.

Plaintiffs also argue that "if the Court is not inclined to review additional briefing, it would be justified in finding that Northwestern has waived its redressability argument" because it was included only in a footnote. Mot. for Leave at 2. Plaintiffs' argument should be rejected. As discussed above, Northwestern provided Plaintiffs with ample notice of its Article III redressability arguments. This should end the Court's inquiry.

## II. The Court May Consider Complete Versions of Plan Documents That Plaintiffs Demanded—And Whose Authenticity Plaintiffs Do Not Dispute.

Plaintiffs next complain that "after filing only excerpts of documents along with its opening brief, Northwestern now files complete versions in the form of seven new exhibits." Mot. for Leave at 3. Plaintiffs argue that this entitles them to respond to these exhibits because the Reply "bases one of its primary arguments on language included in these new documents." *Id.* However, this misstates Northwestern's use of exhibits. In support of its opening brief, Northwestern attached excerpts of the relevant portions of the Plan documents for the Court's convenience because of the length of these exhibits, *see* Dkt. Nos. 48-3–48-7, and then only attached full copies

to the Reply *because Plaintiffs complained about the excerpts*—and demanded full copies of the documents at issue, which Northwestern provided, *see* Opp. at 16 n.13. The only Plan provisions Northwestern cited in its Reply and not its Motion to Dismiss were either provisions that Plaintiffs cited in their Opposition, or were in direct response to the Opposition's faulty argument that the Plan Administrator has discretion to set employee contribution rates. *Compare* Opp. at 15–18 *with* Reply at 10–11.

Further, Northwestern cited and attached the Department of Labor's amicus brief in *Hutchins v. HP Inc.*, No. 25-826 (9th Cir. July 9, 2025) to respond to Plaintiffs' arguments regarding settlor functions and the Plan Administrator's supposed discretion to set contribution rates. *See* Reply at 6, 10–11. Where a reply "merely responds to matters placed in issue by the opposition brief and does not spring upon the opposing party new reasons," there is no basis for a surreply. *See Baugh v. City of Milwaukee*, 823 F. Supp. 1452, 1457 (E.D. Wis. 1993), *aff'd*, 41 F.3d 1510 (7th Cir. 1994). Accordingly, the Court should not allow Plaintiffs to file a surreply addressing the documents submitted in support of Northwestern's Reply.

### III. Plaintiffs' Motion for Leave Should Be Denied Because the Proposed Surreply Makes Arguments Outside of Plaintiffs' Purported Reasons for Filing It.

Plaintiffs contend that their proposed Surreply "is narrowly tailored to address only the new arguments and evidence." Mot. for Leave at 2. This is false. Plaintiffs' proposed Surreply is replete with arguments outside of the purported new arguments and evidence, all of which Plaintiffs could have made in their Opposition. *See, e.g.*, Surreply at 4 (addressing the opening brief's argument that Plaintiffs' section 502(a)(2) claims are not redressable); *id.* at 6–7 (arguing that Plan contributions are necessarily tied to Plan costs); *id.* at 7 n.3 (distinguishing *Coulter v. Morgan Stanley*, 753 F.3d 361 (2d Cir. 2014), which was cited in the opening brief, *see* Mot. to

6

Dismiss at 18 n.8). Therefore, granting Plaintiffs' Motion for Leave would improperly provide Plaintiffs "the final word" on Northwestern's Motion to Dismiss.

## **CONCLUSION**

For the foregoing reasons, Northwestern respectfully requests that this Court deny Plaintiffs' Motion for Leave, and not consider Plaintiffs' proposed Surreply when deciding Northwestern's Motion to Dismiss.

Dated: February 18, 2026     Respectfully submitted,

/s/ Mark C. Nielsen
Mark C. Nielsen (N.D. Ill. No. 90785769)
Lars C. Golumbic (admitted *pro hac vice*)
Kara P. Wheatley (admitted *pro hac vice*)
Kathryn E. Panish (admitted *pro hac vice*)
GROOM LAW GROUP, CHARTERED
1701 Pennsylvania Avenue NW, Suite 1200
Washington, DC 20006
Tel: (202) 861-5429
Fax: (202) 659-4503
mnielsen@groom.com
lgolumbic@groom.com
kwheatley@groom.com
kpanish@groom.com

Eugene A. Schoon
CROKE FAIRCHILD DUARTE & BERES
180 N. La Salle Street, Suite 3400
Chicago, IL 60601
Tel: (773) 517-2740
Email: eschoon@crokefairchild.com

*Counsel for Northwestern University*

7