## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

NATALIE BARBICH, BRUCE
LINDVALL, and TIMOTHY PETERSON,
individually and as the representatives of a
class of similarly situated persons, and on
behalf of the NORTHWESTERN
UNIVERSITY EMPLOYEE WELFARE
PLAN,

        Plaintiffs,

v.

NORTHWESTERN UNIVERSITY,

        Defendant.

Case No. 25-cv-6849

Hon. Jeremy C. Daniel

## MOTION FOR LEAVE TO FILE
## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant Northwestern University ("Northwestern") moves for leave to file a Notice of Supplemental Authority, attached hereto as Exhibits 1 and 2, in support of its pending Motion to Dismiss Amended Complaint, Dkt. No. 48 ("Motion"). In support thereof, Northwestern states as follows:

1. Plaintiffs filed their Amended Complaint on October 27, 2025. Dkt. No. 41.

2. On December 12, 2025, Northwestern filed the Motion.

3. Pursuant to the Court's briefing schedule, Dkt. No. 43, Plaintiffs filed their Opposition on January 16, 2026, Dkt. No. 53, and Northwestern filed its Reply on February 6, 2026, Dkt. No. 54 ("Reply").

4. Plaintiffs filed Motion for Leave to File a Surreply in Opposition to the Motion to Dismiss on February 13, 2026, Dkt. No. 55, and Northwestern filed its response in opposition on February 18, 2026, Dkt. No. 58.

5.      One month after Northwestern filed its Reply, a court in the District of Minnesota issued an order dismissing an action for a lack of Article III standing where the plaintiffs alleged that an employer imprudently managed its self-funded health plan's prescription drug benefit, causing the plan participants to pay too much in premiums and out-of-pocket cost sharing.  *See Navarro v. Wells Fargo & Co.*, No. 24-cv-3043, 2026 WL 591454, at *1–11 (D. Minn. Mar. 3, 2026) ("*Navarro II*").  The *Navarro II* decision is relevant to the Article III standing arguments set forth on pages 9-14 of the Memorandum of Law in Support of the Motion (Dkt. No. 48-1) and 2-6 of the Reply.

6.      Three days after the decision was issued in *Navarro II*, a court in the Southern District of New York issued an order granting in part and dismissing in part a motion to dismiss a complaint advancing a theory of relief substantially similar *Navarro II*.  *See Stern v. JPMorgan Chase & Co.*, No. 1:25-cv-2097, 2026 WL 654714 (S.D.N.Y. Mar. 9, 2026).  The *Stern* decision is relevant to the Article III standing arguments and settlor arguments set forth on pages 9-23 of the Memorandum of Law in Support of the Motion and 2-12 of the Reply.

7.      On March 27 and March 30, 2026, Defendants' counsel conferred with Plaintiffs' counsel about the motion, and on March 30, 2026, Plaintiffs' counsel advised that they did ***not*** oppose this Motion for Leave.

WHEREFORE, Northwestern respectfully requests that the Court grant it leave to file the *Navarro* and *Stern* decisions as supplemental authority.

Dated: March 31, 2026                                    Respectfully submitted,

                                                         */s/ Mark C. Nielsen*
                                                         Mark C. Nielsen (N.D. Ill. No. 90785769)
                                                         Lars C. Golumbic (admitted *pro hac vice*)
                                                         Kara P. Wheatley (admitted *pro hac vice*)

2

Kathryn E. Panish (admitted *pro hac vice*)
GROOM LAW GROUP, CHARTERED
1701 Pennsylvania Avenue NW, Suite 1200
Washington, DC 20006
Tel: (202) 861-5429
Fax: (202) 659-4503
mnielsen@groom.com
lgolumbic@groom.com
kwheatley@groom.com
kpanish@groom.com

Eugene A. Schoon
CROKE FAIRCHILD DUARTE & BERES
180 N. La Salle Street, Suite 3400
Chicago, IL 60601
Tel: (773) 517-2740
Email: eschoon@crokefairchild.com

*Counsel for Northwestern University*