**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Natalie Barbich, Bruce Lindvall, and Timothy Peterson, individually and as the representatives of a class of similarly situated persons, and on behalf of the Northwestern University Employee Welfare Plan,<br><br>     Plaintiffs,<br><br>v.<br><br>Northwestern University,<br><br>     Defendant. | Case No. 1:25-cv-06849<br><br>Hon. Jeremy C. Daniel<br><br><br>**RULE 26(f) REPORT** |

1. **Rule 26(f) Conference.** The following persons participated in a Rule 26(f) conference on April 27, 2026 and May 4, 2026.

  a. Ben Bauer, representing Plaintiffs.

  b. Mark C. Nielsen, Kara P. Wheatley, and Kathryn Panish representing Defendant Northwestern University ("Northwestern").

2. **Scheduling Conference.** Pursuant to the Court's Order (Dkt. 60), this matter is set for a **scheduling** conference before the Court on May 21, 2026 at 9:30 a.m. to be held via WebEx.

3. **Pending Motions.** Northwestern's Motion to Certify an Interlocutory Appeal Under 28 U.S.C. § 1292(b) and Stay Discovery was filed on April 30, 2026 as Docket Number 66.

4. **Initial Disclosures**. Pursuant to the Court's Order (Dkt. 60), the Parties will exchange Rule 26(a)(1) initial disclosures on May 14, 2026.

5. **Nature of the Case**.

**Plaintiffs:** Plaintiffs allege that Defendant breached its fiduciary duties in managing the Northwestern University Employee Welfare Plan ("Plan") by (1) failing to appropriately select

1

and monitor the Plan's Preferred Provider Organization ("PPO") options and the costs associated with those options; and (2) failing to adequately inform Plan participants of all material information related to the Plan's PPO options.

**Defendants:** Plaintiffs advance a novel theory that Northwestern's decisions regarding the design and funding of the health and welfare plan that it sponsored for its employees, the Northwestern University Health and Welfare Plan's (the "Plan"), is subject to ERISA's fiduciary standards. Plaintiffs claim that Northwestern breached its fiduciary duties when it offered employees the option to participate in Premier PPO coverage option, which was just one of several health coverage options made available under the Plan. Plaintiffs claim that the Premier PPO was "financially dominated" by the Plan's high-deductible coverage option, the Value PPO, and that there was no "financial benefit" to electing the Premier PPO, even though the Premier PPO offered more generous benefits than the Value PPO and participants' claims experience and financial preferences vary. Plaintiffs further claim that Northwestern breached its duty of loyalty by failing to disclose that the Premier PPO was a "financially dominated" coverage option.

6. **<u>Discovery Plan</u>**.

**Plaintiffs:** Plaintiffs intend to seek discovery on Defendant's process for managing the Northwestern University Employee Welfare Plan ("Plan"), including the Plan's Preferred Provider Organization ("PPO") options and the costs associated with those options. Plaintiffs anticipate that this will include various documents stored in the normal course of business (e.g., meeting minutes, requests for proposals, service provider contracts, etc.), Electronically Stored Information (e.g., emails, internal chats/instant messages, documents stored on individual computers, etc.), and information in the possession of third-parties (third-party administrators, actuaries, etc.).

**Defendant:** Northwestern maintains that discovery should be tailored to information regarding the pricing of and benefits offered under the Plan's PPO coverage options and that Plaintiffs are not entitled to discovery regarding "all" aspects of Plan management and administration or documents regarding the retention of Plan service providers. Northwestern anticipates that discovery will include documents related to the meetings of the Northwestern University Welfare Plan Administrators ("NUWPA"), the Plan documents, the Plan's open enrollment materials, information on Northwestern's benefits page of its website regarding the pricing of and benefits offered by the PPO coverage options, materials prepared by Northwestern's consultant regarding the pricing of and benefits offered by the Plan's PPO coverage options, communications with Plan participants regarding the pricing of and the benefits offered under the Plan's coverage options, documents related to Plaintiffs' employment with Northwestern, documents related to Plaintiffs' enrollment in the Plan's PPO coverage options, and data regarding participant enrollment and utilization of the Plan's PPO coverage options. Certain data, including participant claims and utilization data, is maintained by third-parties to the litigation.

**Joint Statement:** The Parties will abide by the applicable local and federal rules regarding the number of depositions, interrogatories, and discovery requests. The parties believe that they can cooperatively engage in discovery and will endeavor to resolve any discovery disputes among themselves without seeking the Court's assistance. To the extent the Court denies Northwestern's pending Motion to Certify an Interlocutory Appeal Under 28 U.S.C. § 1292(b) and Stay Discovery, the Parties jointly propose the following discovery schedule:

| Event | Parties' Proposal |
|---|---|
| Deadline for Plaintiffs to amend pleadings or join additional parties | November 20, 2026 |
| Deadline for Plaintiffs to move for class certification | November 20, 2026 |
| Deadline for Defendant to oppose Plaintiffs' motion for class certification | December 23, 2026 |
| Deadline for Plaintiffs to file a reply in support of their motion for class certification | January 21, 2027 |
| Fact discovery deadline | March 25, 2027 |
| Deadline for Plaintiffs to serve their expert reports | April 22, 2027 |
| Deadline for Defendant to serve its expert reports | June 3, 2027 |
| Deadline for Plaintiffs to serve their rebuttal expert reports | July 1, 2027 |
| Deadline for expert discovery | July 29, 2027 |
| Deadline to file summary judgment motions | August 6, 2027 |
| Deadline to respond to summary judgment motions | September 3, 2027 |
| Deadline to reply to summary judgment motions | September 24, 2027 |
| Deadline to file motions in limine/Daubert motions | October 21, 2027 |
| Deadline to respond to motions in limine/Daubert motions | November 4, 2027 |
| Deadline to reply to motions in limine/Daubert motions | November 18, 2027 |
| Deadline to submit witness lists, exhibit lists, deposition designations, and proposed pretrial conference and trial dates | 45 days after the Court's ruling on summary judgment |

7. **Other Items**:

    (a)     The parties do not unanimously consent to proceed before a Magistrate Judge.

    (b)     Northwestern does not anticipate that it would be productive to engage in settlement discussions prior to the filing of summary judgment motions.

    (c)     Northwestern does not anticipate that it would be productive to engage in alternative dispute resolution, including mediation, prior to the filing of summary judgment motions.

DATED: May 14, 2026

Respectfully submitted,

**GROOM LAW GROUP, CHARTERED**

/s/ *Mark C. Nielsen*
Mark C. Nielsen (N.D. Ill. No. 90785769)
Lars C. Golumbic (admitted pro hac vice)
Kara P. Wheatley (admitted pro hac vice)
Kathryn E. Panish (admitted pro hac vice)
1701 Pennsylvania Avenue NW, Suite 1200
Washington, DC 20006
Tel: (202) 857-0620
Fax: (202) 659-4503
mnielsen@groom.com
lgolumbic@groom.com
kwheatley@groom.com
kpanish@groom.com

**CROKE FAIRCHILD DUARTE & BERES**

Eugene A. Schoon
180 N. La Salle Street, Suite 3400
Chicago, IL 60601
Tel: (773) 517-2740
eschoon@crokefairchild.com

Counsel for Northwestern University

**NICHOLS KASTER, PLLP**

s/*Benjamin Bauer*
Brock J. Specht (admitted *pro hac vice*)
Benjamin Bauer (admitted *pro hac vice*)
80 S. 8th Street, Suite 4700
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 338-4878
bspecht@nka.com
bbauer@nka.com

**THE PRINZ LAW FIRM, P.C.**

Amit Bindra, (IL 6308593)
1 East Upper Wacker Drive, Suite 2500
Chicago, IL 60601
Telephone: (312) 212-4450
Facsimile: (312) 284-4822
abindra@prinz-lawfirm.com

**DON BIVENS, PLLC**

Don Bivens
15169 N. Scottsdale Road, Suite 205
Scottsdale, AZ 85254
Telephone: (602) 762-2661

ATTORNEYS FOR PLAINTIFFS

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 14, 2026, I caused a copy of the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

s/*Benjamin Bauer*
Benjamin Bauer