**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

NATALIE BARBICH, *et al.*,
    Plaintiffs

      v.

NORTHWESTERN UNIVERSITY,
    Defendant

No. 25 CV 6849

Judge Jeremy C. Daniel

**ORDER**

The defendant's motion to certify an interlocutory appeal and stay discovery under 28 U.S.C. § 1292(b) [66] is denied. The defendant's motion for leave to file a reply brief [72] is granted.

**STATEMENT**

**Background and Legal Standard**

In October 2025, Plaintiffs Natalie Barbich, Bruce Lindvall, and Timothy Peterson filed their amended complaint on behalf of themselves and the Northwestern University Employee Welfare Plan (the "Plan"), alleging violations of the Employee Retirement Income Security Act of 1974 (ERISA)'s duties of loyalty and prudence. 29 U.S.C. § 1104(a). On April 2, 2026, the Court denied Defendant Northwestern University's ("Northwestern") motion to dismiss the amended complaint. (*See generally* R. 61.) Northwestern now petitions this Court to certify three questions for interlocutory appeal under ERISA and to stay discovery pursuant to 28 U.S.C. § 1292(b).

A district court's certification of an interlocutory appeal is extraordinary relief, and interlocutory appeals are "frowned on in the federal judicial system." *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012). "There are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of law, it must be controlling, it must be contestable, and its resolution must promise to speed up the litigation." *Ahrenholz v. Bd of Trs. of the Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000) (emphasis omitted). "The decision of whether to allow an immediate interlocutory appeal of a non-final order pursuant to § 1292(b) is within the discretion of the district court." *SkyBitz Tank Monitoring Corp. v. Fleetwing Corp.*, No. 22-cv-6294, 2026 WL 1113695, at *2 (N.D. Ill. Apr. 24, 2026) (citing *Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 47 (1995)).

### Motion to Certify

### Expediting the Litigation

The Court finds that resolving the three issues of law, writ large, would not expedite the litigation. Northwestern's argument hinges on the Seventh Circuit agreeing with its assessment and either dismissing the case entirely or narrowing the claims. (*See* R. 66-1 at 10 – 11.) But the plaintiffs are correct that not only may the Seventh Circuit find in their favor as well, but the discovery on equitable relief would either be stayed, which is a delay, or continue without the monetary relief claims, which would engender confusion in discovery. (R. 70 at 7–9.) And if the Seventh Circuit did find in favor of Northwestern, such a dismissal would be without prejudice, so the plaintiffs would be given leave to amend their complaint; this could potentially lead to additional motion to dismiss briefing. *See White v. Illinois State Police*, 15 F.4th 801, 808 (7th Cir. 2021). It is difficult to see how either outcome expedites the litigation.

### Injury-in-Fact

The first question on which Northwestern seeks an interlocutory appeal is "[w]hether Plaintiffs have pleaded an injury sufficient to confer Article III standing by alleging that they paid more for health benefits than they should have as participants in the Northwestern University Health and Welfare Plan." (R. 66-1 at 6 (internal citations omitted).) The Court agrees that questions regarding Article III standing are questions of law, *see United States v. All Funds on Deposit with R.J. O'Brien & Assocs.*, 783 F.3d 607, 615–16 (7th Cir. 2015), and that it is controlling in this litigation, *see Ahrenholz*, 219 F.3d at 676. To be contestable, there must be "substantial, conflicting decisions regarding the claimed controlling issue of law or the question is not settled by controlling authority." *SkyBitz Tank Monitoring Corp.*, 2026 WL 1113695, at \*2.

The Court finds that Northwestern's cited cases do not create a contestable issue of law warranting interlocutory appeal. Northwestern cites three cases that it believes reach opposite conclusions from this Court: *Winsor v. Sequoia Benefits and Ins. Servs., LLC*, 62 F.4th 517, 528 (9th Cir. 2023); *Gonzalez de Fuente v. Preferred Home Care of New York*, 858 F. App'x 432, 434 (2d Cir. 2021); and *Navarro v. Wells Fargo & Co.*, No. 24-cv-3043, 2026 WL 591454, at \*9–10 (D. Minn. Mar. 3, 2026), *appeal pending*, No. 26-1620 (8th Cir. 2026). (R. 66-1 at 13–15; R. 72-1 at 4–6.) Each of these turn on factual matters particular to each case, and none of these is convincing.

In *Winsor*, the Ninth Circuit held that plaintiffs who claimed they suffered higher insurance costs based on a defined benefit plan's alleged mismanagement did not have Article III standing to bring claims for breach of ERISA fiduciary duties. *Winsor*, 62 F.4th at 529. However, the critical distinction between *Winsor* and this case is that in *Winsor*, the Ninth Circuit did not find categorically that higher insurance costs

2

cannot be the basis for Article III standing—instead, it held that where plaintiffs do not sufficiently plead the factual matter surrounding their out-of-pocket costs, they cannot have standing on that basis of those costs either. *Id.* Here, the Court found that the plaintiffs did sufficiently plead that they suffered financial injury in the form of paying higher costs for the same health benefits as the lower-cost plan. (R. 61 at 4.) *Winsor* is therefore inapplicable and does not create a "substantial, conflict decision[] regarding the claimed controlling issue of law." *SkyBitz Tank Monitoring Corp.*, 2026 WL 1113695, at *2.

In *Gonzalez de Fuente*, the Second Circuit held similarly to *Thole v. U.S. Bank N.A.*, 590 U.S. 538 (2020) that plaintiffs did not have standing where they asserted injury to the Plan but still received their promised health benefits. *Gonzales de Fuente*, 858 F. App'x. at 433–34. This case, aside from being nonprecedential, says nothing about the set of facts present in this case regarding plaintiffs who allege financial injury to themselves as Plan participants, not just to the Plan generally. It is inapposite and does not create a contestable issue of law.

Finally, *Navarro* holds that out-of-pocket expenses are not sufficient to confer standing where plaintiffs may have received better or different benefits than what was promised under the Plan. *Navarro*, 2026 WL 591454, at *10. This, too, is inapposite. The plaintiffs in this case take two sets of defined health plan terms and two fixed contribution levels and allege that the higher contribution level does not match the higher value plan. This is not a speculative injury like the one asserted in *Navarro*. Further, the *Navarro* plaintiffs allege that the plan participants received benefits at a higher rate than non-participants. This case concerns intra-Plan discrepancies in price and value. *Navarro* is neither binding appellate law, nor does it create a contestable issue of law.

While the Seventh Circuit has not spoken on this issue, that alone does not require the extraordinary relief of certification for interlocutory appeal. *See United States v. All Funds on Deposit with R.J. O'Brien*, No. 11 C 4175, 2012 WL 13209677, at *1 (N.D. Ill. Dec. 10, 2012) ("[A] party seeking an interlocutory appeal must show that exceptional circumstances justify the departure from the basic policy of postponing appellate review until after the entry of final judgment . . . . Section 1292(b) is not intended merely to provide review of difficult rulings in hard cases.") (internal citations omitted). The Court therefore denies Northwestern's motion as to the question of standing and injury-in-fact.

**Redressability**

Northwestern next seeks certification on the question of "[w]hether Plaintiffs have demonstrated that their alleged injury of paying too much for benefits is redressable for purposes of Article III standing where they have not shown that any recovered amounts would go to Plaintiffs or that [*sic*] Northwestern would be required to reduce

participant contributions on a going-forward basis." (R. 66-1 at 6.) In essence, Northwestern seeks the Seventh Circuit's guidance on redressability, an argument that it did not adequately develop in its motion to dismiss briefing. (*See* R. 48 at 32 n.14.)

Northwestern is correct that standing is not waivable. *See Chicago Joe's Tea Room, LLC v. Village of Broadview*, 894 F.3d 807, 814–15 (7th Cir. 2018). But Northwestern misreads the Court's order denying its motion to dismiss. Northwestern's argument seems to be that the Court's order allowed the plaintiffs to proceed with an injury that is not redressable. That is not accurate. Instead, the Court discounted Northwestern's redressability argument, and having assured itself of its jurisdiction over the case, continued to the merits of the plaintiffs' claims. Instead of trying to appeal a non-final judgment on this issue, Northwestern may simply take the easier route of moving to dismiss for lack of subject matter jurisdiction, which can be done at any time. *See* Fed. R. Civ. P. 12(b)(1). At that point, the Court would entertain any properly briefed arguments regarding the plaintiffs' standing. Northwestern fails to identify any authority that allows it to develop an argument made in a footnote in a reply brief, nor does it identify authority for the proposition that standing is an exception to waiver by footnote.

Because Northwestern both did not properly put its redressability argument before this Court and retains an avenue to ask this Court to consider the plaintiffs' standing, the Court finds that it has failed to show that the issue of redressability is either contestable or controlling at this stage.

Given the Court's independent obligation to ensure that standing exists, *see Summers v. Earth Island Inst.*, 555 U.S. 488, 499 (2009), the Court finds that the plaintiffs have adequately pled that their injury is redressable. The plaintiffs are former employees who seek money damages for the difference between the amount they paid under the Plan and the amount they should have paid for the services they received. (*See* R. 41 ¶¶ 73, 77.) The plaintiffs do not seek relief only as to the Plan and have alleged that their individual payroll deductions were too high and they experienced lost wages; this Court can issue a judgment with a damages award to compensate this injury. *Contra Navarro*, 2026 WL 591454, at \*10. This is sufficient to allege a redressable injury. Northwestern only cites case law regarding injury to the Plan as not being sufficient to show redressability but has failed to explain why an award of damages to individual plaintiffs would not do so. (R. 66-1 at 15–16; R. 72-1 at 8.) Accordingly, Northwestern's motion is denied as to the redressability question.

**Fiduciary Status**

Finally, Northwestern seeks certification on the question of whether it acted as a fiduciary as defined under ERISA when implementing Plan design decisions and monitoring the Plan. This section reads more as a motion for reconsideration than

raising a contested and conflicting question of law requiring the Seventh Circuit's intervention. The Court declines the invitation.

Northwestern cites case law in the Seventh Circuit and elsewhere that it contends is contrary to this Court's conclusion, thus creating a contestable issue of law. The Court takes no issue with these cases, nor does it find that its order denying Northwestern's motion to dismiss is contrary to this case law. While it is true that the selection of a plan option is generally a settlor function, the plaintiffs have pled sufficient allegations that raised a factual question about the line between settlor and fiduciary *vis-a-vis* Northwestern's role in selecting the Plan options with fiduciary discretion. *See Bator v. Dist. Council 4*, 972 F.3d 924, 931 (7th Cir. 2020).

Taking the allegations as true and making all inferences in the plaintiffs' favor, the plaintiffs allege that Northwestern acted as a fiduciary in implementing the Plan design because it exercised discretion in selecting the specific PPO options to be offered after the decision to offer a health plan was made. (*See* R. 61 at 5.) The Court makes no findings as to whether Northwestern was actually acting as a settlor or fiduciary, and discovery may very well yield evidence showing that Northwestern was acting as a settlor. The Court simply finds that the plaintiffs have pled enough to warrant discovery on the question.

Northwestern also does not address the plaintiffs' allegations regarding continuous monitoring and disclosure, which are solidly fiduciary functions in the ERISA context. *See Tibble v. Edison Int'l*, 575 U.S. 523, 529 (2015); *Kenseth v. Dean Health Plan, Inc.*, 610 F.3d 452, 466 (7th Cir. 2010); *Bowerman v. Wal-Mart Stores, Inc.*, 226 F.3d 574, 590 (7th Cir. 2000). In not raising these issues, Northwestern has failed to identify a contestable area of law as to these functions and to show that the issue of PPO selection is controlling. Northwestern's motion is, thus, denied as to fiduciary status.

**Exceptional Circumstances**

Northwestern's reply makes much of the litigation risk to employers based on the advancement of this case beyond the pleadings stage and seeks certification for the Seventh Circuit to comment on the plaintiffs' novel theory of ERISA liability. (*See* R. 72-1 at 4, 12–14.) The novelty of the plaintiffs' theories does not itself justify certification where Northwestern has not identified a contested and controlling issue of law whose resolution would expedite the litigation. Exceptional circumstances are not a statutory factor warranting certification.

**<u>Motion to Stay Discovery</u>**

Because the Court denies Northwestern's motion to certify an interlocutory appeal, and Northwestern identifies no other compelling reasons, the Court sees no reason

justifying a stay of discovery. (*See* R. 66-1 at 19–20.) Without an interlocutory appeal, the case will proceed in the ordinary course. The motion to stay discovery is, accordingly, denied.

Date: June 8, 2026

_____
JEREMY C. DANIEL
United States District Judge